MATHER v. MARTIN.

(Supreme Court, General Term, Fifth Department. January 18, 1893.)

ACTION ON NOTE—DELIVERY FOR SPECIAL PURPOSE—EVIDENCE.

In an action on a note the answer alleged as one defense that the note was given in payment of a certain other note under the mistaken belief that defendant was liable thereon as indorser. Another defense was that the note sued on was given in consideration of the surrender of a note indorsed by defendant, but on which she had not been charged as indorser. Defendant's agent, who procured the execution of the note sued on. testified that it was made and delivered, not as a note, but merely as a memorandum to show on plaintiff's books for the other note, referred to in the answer, which note plaintiff had intrusted to him (the agent) for collection. This was denied by plaintiff. It appeared that after the first note was given to defendant's agent for collection the maker became insolvent, and the attorney in whose hands the agent had placed it returned it to defendant, but she did not offer to return it to plaintiff. or request plaintiff to return the note sued on, until after trial of the action, and that on the last day of grace she sent plaintiff a written waiver of protest. Held, that a verdict that the note sued on was not made and delivered as a note, but as a mere memorandum, was not sustained by the evidence.

Appeal from circuit court, Ontario county.

Action on a note by Edgar D. Mather against Emeline D. Martin. From a judgment dismissing his complaint, entered on the verdict of a jury, and from an order denying his motion for a new trial on the minutes of the court, and also from an order denying a motion for a new trial on the ground of newly-discovered evidence, plaintiff appeals. Reversed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

H. M. Field, for appellant.

J. H. Metcalf, for respondent.

DWIGHT, P. J. On the 28th day of October, 1890, the defendant gave to the plaintiff a promissory note for $501.50, made by her in the name of the Chapinville Wheel Works, which was the name in which she did business, payable one month from date, to her own order, and indorsed by her in her individual name. On the last day of grace, for no apparent purpose except to save protest fees, she voluntarily sent to plaintiff a written waiver of demand and notice to charge her as indorser. Being sued on the note, in this action, she put in a verified answer, by which, after admitting all the allegations of the complaint except the conclusion of indebtedness, she denied that the note was given for any consideration whatever, but alleged that it was given "under a mistaken belief that the plaintiff held a certain other note, which this defendant was holden to pay, and that this note was given in payment thereof;" that she had taken several notes of a corporation known as the Auburn Wagon

Company, Limited, which she had procured to be discounted by the plaintiff at his banking house in Shortsville, among which was one for $500 payable at the National Bank of Auburn, which fell due on the 9th day of October, 1890, which she had before maturity indorsed and delivered to the plaintiff, but which was not presented for payment at the time and place when and where it was made payable, and that she had never been charged as indorser thereon; that on the 28th day of October, 1890, the plaintiff presented to her agent the last-mentioned note, which became due on the 9th day of October, 1890, "stating that the same had been returned to him, and he wished the defendant to look it up, and requested that this defendant should give her note to the plaintiff for that amount, as he wanted some security in his bank to show for it; that the agent of the defendant, supposing that the note that the plaintiff held was another note of said wagon company for $500, which had been discounted to the plaintiff, and which was due, had this defendant make, and said agent delivered to the plaintiff, the note mentioned in the plaintiff's complaint; that the only consideration for the making and delivery of said note mentioned in plaintiff's complaint was the surrendering of the note of the Auburn Wagon Company, Limited, which became due on the 9th day of October, 1890, and upon which this defendant had not been charged as indorser, and was not in any way liable or holden to pay." And for a further answer and defense she set up a counterclaim for damages in the amount of the note in suit, with interest from its date, which damage she alleged she had sustained by reason of the neglect of the plaintiff to cause the note of the wagon company to be duly presented for payment, when, as she alleges, it would have been fully paid.

It is apparent that these several defenses, though verified in a body, cannot all be true. Certainly the defendant could not have sustained the damage alleged by the failure of the plaintiff to present and demand payment of the wagon company note, of which she had already had the avails, unless she had, at least, become liable to pay the note in suit. Nor is it quite apparent that the first and second defenses are consistent with each other. But, however this may be, it is quite certain that neither of the defenses alleged in the answer is consistent with one ground of the defense as made on the trial, and submitted to the jury. We have seen that the theory of the answer was either that the note in suit was given in payment of a supposed note, "which the defendant was holden to pay," or that it was given in consideration of the surrender of the note of the wagon company, due October 9th, upon which the defendant had not been charged as indorser, and which she was not liable to pay; whereas the defense testified to by the agent of the defendant, and submitted to the jury, was to the effect that the note in suit was not given even in payment of any supposed note, nor in consideration of the surrender of the specified note of the wagon company, but, on the contrary, was made, indorsed, and delivered to the plaintiff, not as a note at all, but as a mere memorandum to show on the books of the bank for the note of the wagon company, which the plaintiff merely intrusted to the defendant's agent to see if he

could collect it for him. Probably, if the evidence on the part of the defendant which tended to establish this extraordinary defense had been objected to on the ground that it was contrary to the allegations and admissions of the answer, it would have been excluded; or if, at a later stage of the trial, the attention of the court had been called to the state of the pleadings in that respect, the evidence in question would not have been submitted to the jury as the possible basis of a verdict for the defendant. But there was no such objection to the evidence, nor any exception to its submission to the jury, nor was there any exception taken on the trial which points to error which would be fatal to the judgment. Nevertheless, we think this verdict ought not to stand, because it is contrary to the just weight of the evidence, even upon the new issue made on the trial. In that respect the evidence on the part of the defendant seems to us to be as inconsistent with admitted facts, and with the presumptions to be drawn therefrom, as it is with the admissions of the answer. The defendant's agent himself testifies that he discovered, immediately after the wagon company's note was delivered to him, that it had not been protested, and that he asked for and received an explanation of that fact from the plaintiff, but made no suggestion that the note in suit had been made and delivered to the plaintiff under any mistake or misunderstanding in that respect. He did not ask to have it returned on that ground, nor offer to return the wagon company's note, upon the surrender of which it had been given. On the contrary he retained the latter note, took it to Auburn, and put it into the hands of attorneys there for collection or judgment. The wagon company having gone into the hands of a receiver, the note was afterwards returned to the defendant, and held by her, without offer to return it to the plaintiff, or request for the return of the note in suit, until after the trial of this action; and on the last day of grace of the latter note, without any request from the plaintiff, she gave to him written notice of waiver of demand and notice to charge her as its indorser. In the face of these facts, taken in connection with the inherent improbability of the theory of the new defense first propounded on the trial, and the positive testimony of the plaintiff to the contrary, we think the verdict of the jury, which, under the charge of the court, involved a finding that the note in suit was not made and delivered as a note, but as a mere memorandum to serve the purposes of the plaintiff's bookkeeping, was so far contrary to the just weight of the evidence as to indicate prejudice or partiality on the part of the jury, and that on that ground the motion for a new trial should have been granted. The judgment and order denying the motion for a new trial on the minutes should be reversed, and a new trial granted, upon payment by the plaintiff of the costs of the circuit at which the action was tried. So ordered, with costs of the appeal to abide the event. All concur.